IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ELECTRONIC CONTROLS, INC.                                                                          PLAINTIFF

VS.                                                                                        NO. 4:07cv46-WAP-EMB

AMTEL SECURITY SYSTEMS, INC., ET AL.,                                               DEFENDANTS

**REPORT AND RECOMMENDATION**

**UPON FURTHER REVIEW** of the file and record of this action, the Court finds Plaintiff filed the Complaint herein on March 29, 2007 [doc. 1], and summonses were issued for Defendants Amtel Security Systems, Inc. ("Amtel"), and Doorguard Systems, Inc., on March 29, 2007 [doc. 3]. The summonses were returned executed on July 5, 2007 [doc. 4].

On July 25, 2007, Attorney Gregory D. Curtis filed a Motion for leave to appear *pro hac vice* on behalf of Amtel [doc. 5]. Also, on July 25, 2007, Defendant filed its Motion for an extension of time in which to respond to the Complaint [doc. 7], citing as a ground the fact that Mr. Curtis had filed a Motion for leave to proceed *pro hac vice* and that it was awaiting a decision from the Court.[1] By Oder dated August 23, 2007, the Court found a deficiency in Mr. Curtis's application for admission *pro hac vice*, and granted counsel additional time until September 12, 2007, to associate local counsel [doc. 10]. Additionally, the Court granted Amtel an extension of time until September 12, 2007, to respond to the Complaint.

Shortly after the expiration of these deadlines, on September 21, 2007, Plaintiff filed a Motion for Entry of Default Judgment [doc. 12], citing Amtel's failure to respond to the Complaint within the deadline set by the Court. Then, on October 25, 2007, Sharon Greta

---

[1]Plaintiff affirmatively stated its intent not to oppose either counsel's Motion for Admission *Pro Hac Vice* or Amtel's Motion for Extension of Time to answer the Complaint [docs. 8 & 9].

Locklear entered her appearance on behalf of Amtel [doc. 15].  Later, on November 9, 2007, Amtel filed its Answer to the Complaint [doc. 16].  And, in accordance with this Court's Order [doc. 17], Amtel filed its Response to Plaintiff's Motion for Entry of Default Judgment [doc. 20].

Federal Rule of Civil Procedure 55  sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment.  If a party "against whom a judgment for affirmative relief is sought" fails to "plead or otherwise defend" a case, and "that fact is made to appear by affidavit or otherwise, the clerk [of court] shall enter the party's default."   FED.R.CIV.P. 55(a).  Once a default is entered, "the party entitled to a judgment by default" may move the Court for entry of default judgment.  FED.R.CIV.P. 55(b).  A default judgment is normally committed to the discretion of the district court.  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977).

In this case, the procedural requirements for entry of default judgment have not been satisfied, namely because Plaintiff failed to apply to the Clerk for entry of default pursuant to Rule 55(a) prior to filing the Motion for default judgment.  Moreover, based on the record of this case Amtel's failure to timely file an answer herein was inadvertent; and, it has adequately shown its intention to defend this lawsuit.  Ultimately, justice does not require entry of default judgment against this defendant.  Therefore, it is my recommendation that the Motion for Entry of Default Judgment be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except

2

upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 10th day of December, 2007.

                                              **/s/   Eugene M. Bogen**
                                              **UNITED STATES MAGISTRATE JUDGE**