# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ELECTRONIC CONTROLS, INC.,                                       PLAINTIFF,

VS.                                                  CIVIL ACTION NO. 4:07CV046-P-S

AMTEL SECURITY SYSTEMS, INC.,                               DEFENDANT.

## ORDER

This matter comes before the court upon Plaintiff Electronic Controls, Inc.'s Motion to Strike Defendant's Expert Witnesses [93]. After due consideration of the motion and the responses thereto, the court finds as follows, to-wit:

The plaintiff moves to exclude the purported expert testimony of Tom Anderson, Rayner Carmona, and Hernando Barreto for failure to meet the requirements for expert testimony set forth in Fed. R. Evid. 702.

The defendant stated in its response that it has withdrawn the testimony of Tom Anderson.

The court concludes that the purported expert testimony of Hernando Baretto should be excluded for failure to file a written expert report and *curriculum vitae* as required by Fed. R. Civ. P. 26(a)(2)(B). It is undisputed that Mr. Baretto is not currently employed by Amtel. Rather, he testified in his deposition that he is a consultant to Amtel but is not on their payroll. Rule 26(a)(2)(B) requires a report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employees regularly involve giving expert testimony."

Since it is undisputed that Rayner Carmona has been employee of Amtel since 2000 and has never before given expert testimony, he is not required by Rule 26(a)(2)(B) to have filed an expert report. The plaintiff argues that during his deposition, Mr. Carmona clearly testified to a lack of

knowledge, familiarity, and involvement in the design and development of the subject products provided to Electronic Controls Incorporation (ECI) by Amtel. Furthermore, the plaintiff argues, he has never visited the project site, has never inspected any installations employing the subject system, and has not inspected the architect's design, software program, or the subject access control system. The plaintiff also argues that Mr. Carmona's testimony is duplicative to that of Mr. Mastroliberti who was Amtel's only expert that visited the site and inspected ECI's installation of the products provided by Amtel, culminating in a detailed report on August 1, 2005.

According to the defendant, Mr. Carmona was designated to testify as to proper installation techniques and problems associated with improper installation of systems such as those at issue. The defendant states that he has a bachelor's and master's degree in computer engineering and that he has worked for Amtel for nine years as a System Developer. The defendant argues that with the education and experience designing components "similar" to those used in this project, he is qualified to explain in layman's terms how computer software of the type used in the subject project generally interacts with each of the components used in the project as well as the proper types of wiring and wiring connectors that are required for correct operation of these types of electronic products "in general." "Most importantly," the defendant writes in their brief, "Mr. Carmona will testify as to the most usual and common reasons for failure of products of this type such as electro-magnetic interference and operator error."

In any event, a review of Mr. Carmona's deposition attached as Exhibit B to the plaintiff's motion *in limine* clearly reveals that Mr. Carmona has no opinion on the subject system and has had no experience with it. Coupled with Mr. Mastroliberti's designation as an expert who "will testify about the products supplied by Amtel, their function and proper installation," which is duplicative

of Mr. Carmona's designation to testify as to "proper installation techniques and problems associated with improper installation," the deposition excerpts provided by the plaintiff lead this court to conclude that allowing Mr. Carmona to testify as an expert in this case would clearly run afoul of Fed. R. Evid. 702.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff Electronic Controls, Inc.'s Motion to Strike Defendant's Expert Witnesses [93] is **GRANTED**; therefore,

(2) The purported expert testimony of Tom Anderson, Rayner Carmona, and Hernando Barreto shall be excluded.

**SO ORDERED** this the 9th day of September, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE